JONES, JUDGE:
The claimant’s notice of claim alleges that the “State did place excessive amounts of slag on both sides of blacktop road in the midst of a dangerous, down-hill curve, and at the time of the accident much slag was in the middle of the road; ****”, and that as a result the 1964 Pontiac automobile of the claimant, Reverend Don McMellon, driven by his son, David McMellon, seventeen years of age, skidded off the road and was damaged. The respondent, Department of Highways, by its answer denies the claimant’s allegations, but says *74 that it did place slag on both berms of the blacktop road, and that one of its crews with a sweeper removed any excess slag.
The wreck occurred at about 7:00 p.m. on Saturday, September 24, 1970, on Green Valley Road, in the outskirts of Huntington. It had been raining most of the day, it was dark and drizzling at the time and the driver had his bright lights on. David McMellon estimates his speed upon approaching the curve to the left at 30 miles per hour and the distance from the scattered slag at 25 to 30 feet when he first saw it. He testified that as he entered the curve he applied his brakes, began to slide and crashed the right rear side of his car into a tree growing three or four feet from the edge of the berm, and then continued back onto and across the road, winding up in the ditch on the left side. David McMellon’s companion and passenger, Steve Wagoner, testified that he did not notice any gravel on the road before the wreck, but that he did examine the road surface immediately after the wreck and “there was gravel all over it”. Pictures taken the following day by the claimant were received in evidence but did not show anything unusual. The claimant obtained an estimate of repairs in the amount of $322.51, but the car was later traded and not repaired.
The Court does not question that some loose slag or gravel had worked its way from the berms onto the hard surface of this road, but the rain, the darkness, the sharp curve and the generally slick propensities of blacktop all called for a degree of care which we believe was not exercised by the claimant’s son. Inexperience may have contributed to the lack of care and failure to keep claimant’s car under control, but in any event, the Court is of opinion that there was sufficient negligence on the part of the claimant’s driver to bar any recovery in this case.
This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of its highways under all the circumstances. These well-settled legal principles apply in this case.
Claim disallowed.